IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00691-WYD-BNB

KIEFT BROS. WEST, INC., a Colorado corporation,

    Plaintiff,

v.

COMMISSIONER OF THE INTERNAL REVENUE SERVICE,

    Defendant.

---

## ORDER

---

I.    INTRODUCTION

THIS MATTER is before the Court on this case which seeks appellate review of a Notice of Determination Concerning Collective Action(s) under Section 6230 and/or 6330 issued by the United States Appeals Office of the Internal Revenue Service on March 13, 2006. Plaintiff Kieft Bros. West, Inc. ["Kieft Bros."] filed an Opening Brief on November 27, 2006. Defendant Commissioner of the Internal Revenue Service ["Commissioner"] filed a Response Brief on January 11, 2007. No reply brief was filed. For the reasons stated below, the Notice of Determination Concerning Collective Action(s) is sustained and the appeal is dismissed.

II.    FACTUAL BACKGROUND

Robert Kieft and Diedre Kieft owned all of the issued and outstanding shares of Kieft Bros. until April 13, 2005. Diedre Kieft owned a majority of the stock and served as President of the company. On or about April 13, 2005, Richard M. Lewis purchased

80% of the issued and outstanding stock of Kieft Bros. by contributing certain capital to the corporation. Mr. Lewis is the current president and majority stockholder of Kieft Bros. Robert Kieft owns approximately 20% of Plaintiff's stock. Diedre Kieft no longer owns stock in the company.

Kieft Bros. became delinquent in paying its employment taxes in the last two quarters of 2004 and the first quarter of 2005. The Internal Revenue Service ["IRS"] sent notices of delinquency to Kieft Bros. on March 13, 2005, June 6, 2005, and August 8, 2005, involving its alleged failure to file and/or pay quarterly tax returns for the periods ending September 30, 2004, December 31, 2004, and March 31, 2005. The Certificates of Assessments and Payments for the periods at issue reflect that Kieft Bros. owed approximately $99,700.00 in taxes.

On October 30, 2005, the IRS issued its thirty-day notice of levy letter as required by 26 U.S.C. § 6331(d). Kieft Bros. timely requested a Collection Due Process ["CDP"] hearing pursuant to 26 U.S.C. § 6330.

The CDP hearing was held on December 5, 2005. Mr. Lewis and Mr. Kieft were present at the hearing. Kieft Bros. did not contest the validity of the underlying tax liability. Instead, Kieft Bros., through its principal officer Richard Lewis, proposed that it be permitted to enter into an installment agreement whereby it would make payments of between $2,000 and $5,000.00 per month on the delinquency. Mr. Lewis explained at the hearing that Kieft Bros. was a distressed company when he acquired it in April 2005, and that his primary concern for the company was to stabilize the business into a productive enterprise. The Appeals Settlement Officer Michael R. Jeka ["the appeals

officer"] requested that Mr. Lewis, personally, and Kieft Bros. provide certain financial information. Financial information was then provided to the appeals officer in an attempt to verify Mr. Lewis's representations regarding Kieft Bros.' financial information.

By the time of the hearing, Kieft Bros. had become further delinquent in the payment of its employment taxes as it had failed to make sufficient deposits for the second and third quarters of 2005, creating additional liabilities of $81,000.00 for these quarters. At the hearing, the appeals officer advised Mr. Lewis and Mr. Kieft that the Form 941 for the third quarter of 2005 was late and that Kieft Bros. would incur a failure to file penalty.

On March 13, 2006, a Notice of Determination was issued. The decision sustained the IRS's determination to proceed with the collection action because 1) the taxpayer and Mr. Lewis had not submitted certain requested financial information data (and the financial information provided by Mr. Lewis was deficient) and 2) the taxpayer had become delinquent in its federal tax obligations for subsequent quarters. Kieft Bros. challenges the Notice of Determination asserting that the appeals officer abused his discretion in recommending that the proposed collection action be sustained.

III. ANALYSIS

After receiving a notice of proposed collection action a taxpayer may request a hearing before the IRS Office of Appeals "with respect to the taxable period to which the unpaid tax [listed in the notice] relates." 26 U.S.C. § 6330(b)(2). The statute provides that the person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including "appropriate spousal defenses", "challenges

to the appropriateness of collection actions"; and "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." *Id.*, § 6330(c)(2)(A). The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability. *Id*, § 6330(c)(2)(B). There is also a requirement of investigation. Specifically, "[t]he appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." *Id.*, § 6330(c)(1).

Following the CDP hearing, the IRS Office of Appeals issues a Notice of Determination to the taxpayer. 26 C.F.R. § 301.6330-1(f). In making a CDP determination, the appeals officer must: 1) verify that the requirements of applicable law and administrative procedures have been met; 2) consider issues raised by the taxpayer; and 3) consider whether any proposed collection action balances the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. *Id.*, § 6330(c)(2)(3).

Following the hearing, the determination may be appealed to the Tax Court if that Court has jurisdiction over the underlying tax liability, or to the United States District Court. 26 U.S.C. § 6330(d). Any levy action is suspended during the period of the hearing and appeal. *Id.* at § 6330(e). Where the validity of the underlying tax liability is not at issue, the administrative determination must be reviewed for an abuse of discretion. *Goza v. Commissioner*, 114 T.C. 176, 181 (2000); *see also Mesa Oil, Inc. v. United States of America*, No. 00-B-851, 2000 WL 1745280, at *2 (D. Colo. 2000).

The standard for determining whether an abuse of discretion has occurred is whether the exercise of discretion is arbitrary or capricious or without sound basis in law or fact. *Freije v. Commissioner*, 125 T.C. 14, 23 (2005); *Roman v. Commissioner*, T.C. Memo 2004-20, 2004 WL 157817, at *4 (2004).

Kieft Bros. argues that the appeals officer failed to properly balance the need of the efficient collection of taxes with the legitimate concern of Kieft Bros., an ongoing business, that the collection action be no more intrusive than necessary. Instead, it is argued that the determination was unnecessarily intrusive upon the collection process. It is also argued that the appeals officer improperly rejected the installment agreement proposed by Kieft Bros.

I find that Kieft Bros. has failed to show an abuse of discretion. First, I agree with the Commissioner that the failure of Kieft Bros. to remain current with payment obligations is a valid reason to decline a proposed installment agreement. In *USA Financial Services v. United States*, 459 F. Supp. 2d 440 (E.D. Va. 2006), the court upheld a Notice of Determination where the IRS declined to accept an installment agreement due to the taxpayer's history of not paying its federal tax liabilities on time, noting that the IRS is not required to accept an installment agreement "where there was evidence that the installment payment agreement would be futile." *Id.* at 447 (citations omitted). I find that opinion persuasive.

As the Commissioner notes, the futility of accepting an installment agreement in the instant case is evidenced by the following delinquencies in addition to those at issue at the CDP hearing: 1) $51,000.00 in employment taxes for the second quarter of

2005; 2) $30,000 in employment taxes for the third quarter of 2005; 3) delinquent tax deposits for the fourth quarter of 2005; 4) delinquent tax deposits for January 2006; and 5) delinquent unemployment tax deposits for 2006. See Pl.'s Ex. 1 at 2, 4 and 5. I find that it would be futile for the IRS to accept an installment agreement for past due obligations where a taxpayer such as Kieft Bros. has demonstrated an inability to remain current with its ongoing obligations.

While it is argued that the appeals officer abused his discretion in failing to assess Kieft Bros.' financial condition and whether the collection action would be unnecessarily intrusive, I find no abuse of discretion in this regard. First, the Notice of Determination was in part based on the failure of the corporation to provide complete financial information. The rejection of an installment agreement is not an abuse of discretion where a taxpayer has failed to provide complete financial information. *See Roman*, 2004 WL 157817, at *5-6. Here, Kieft Bros. failed to provide adequate information concerning its income and expenses. *See* Pl.'s Ex. 1 at 5. Such information is relevant to whether the taxpayer's finances could support an installment agreement, or alternatively, whether the taxpayer had the ability to make a lump sum payment of the liabilities at issue. While it is argued that the appeal officers openly derided the financial information that was provided, it is undisputed that all the requested information was not given. I also note that Kieft Bros. fails to specify exactly what investigation should have occurred concerning the corporation which was not conducted.

Kieft Bros. relies on *Mesa Oil, Inc. v. United States,* 2000 WL 1745280 (D. Colo. 2000), a case where the court determined that the IRS failed to properly balance the need of the efficient collection of taxes with the legitimate concern of the plaintiff, an ongoing business, that the collection action would put it out of business. I find that case distinguishable. As noted previously, the determination in this case turned on the fact that Kieft Bros. had not provided all the financial information requested of the officer and was currently not in compliance with employment taxes. Those were not at issue in *Mesa Oil*. Instead, in that case "the sparse Determination gives every indication that the 'proposed collection action [was] approved solely because the IRS show[ed] that it ha[d] followed appropriate procedures.'" *Id*.

As noted above, the grounds stated by the appeals officer were a proper basis to deny the request for an installation agreement. Further, while the Notice of Determination did not specifically address the level of intrusiveness on Kieft Bros.' financial condition, it is clear that he did consider the financial condition of the company in making his determination. *See* Pl.'s Ex. 1 at 2-3.

Plaintiff also argues that the appeals officer improperly issued his determination without giving Mr. Lewis time to complete the process of providing information requested by the appeals officer or to explore collection options. However, the CDP hearing was held on December 5, 2005, and the Notice of Determination was not issued until March 13, 2006, more than three months later. Further, the Notice of Determination noted that the appeals officer told Mr. Lewis initially that he must provide the information by January 31, 2006. Pl.'s Ex. 1 at 4. The Notice of Determination also

stated that the appeals officer advised Mr. Lewis on February 21, 2006 (more than three weeks before the decision was issued) that he was surprised by the lack of information provided. *Id. See Roman*, 2004 WL 157817, at *6 (determination was not unreasonable even though the officer issued a determination before all information was received and without giving notice of a deadline when the determination was made more than two months after the request for information and six weeks after the date by which the taxpayer initially stated he supply the materials).

I also note that the appeals officer advised Mr. Lewis in his conversation on February 21, 2006, that an installment agreement would not be provided if Kieft Bros. was not in compliance with required federal tax deposits ["FTDs"].  It is undisputed that Kieft Bros. continued to accrue delinquencies between December 5, 2005 and March 13, 2006, and did not get in compliance in connection with its FTDs.  Under those circumstances, I find it was not an abuse of discretion to decline to accept an installment agreement while the corporation continued its pattern of failure to make timely tax deposits.

Kieft Bros. also argues that the financial information requested of Mr. Lewis was not necessary for the consideration of an installment agreement, as the liability was solely that of Kieft Bros.  Further, the appeals officer failed to request financial records from Deirdre Kieft, a former officer facing potential liability as a responsible officer.  The appeal officer also identified Robert Kieft as the primary officer of Kieft Bros., but did not request that Mr. Kieft provide any financial information.  I do not find any abuse of discretion as to these issues.

First, I find that the financial information for the majority stockholder and president of a closely held corporation is or arguably could be relevant to determining whether a proposed installment agreement is a realistic mechanism for collecting delinquent taxes, even if he was not involved with the corporation at the time it accrued the tax liability at issue. As the Commissioner notes, in evaluating an installment agreement it is essential to determine the necessary expenditures of a corporation such as salaries. The financial information of an owner/officer would show the amount of salary, if any, paid by the corporation to that owner. Salary payments to Mr. Lewis may be a necessary expense of the corporation depending on whether Mr. Lewis needed income from the corporation to meet his living expenses. Additionally, the requested financial information would reveal any amounts borrowed by Mr. Lewis from the corporation or lent by Mr. Lewis to the corporation. If Mr. Lewis had lent significant amounts to the corporation, and the corporation was still unable to meet is ongoing obligations, it is doubtful it could ever become current through an installment agreement through its ongoing operations.

As the appeals officer properly demanded information from the principal officer, I do not find it an abuse of discretion of the officer not to also request information from Robert Kieft or former officer Diedre Kieft. Kieft Bros. has not cited any authority that such financial information should have been obtained or that this was an abuse of discretion.

It is also argued that the appeals officer improperly relied on the statement by Mr. Lewis that payment of the tax liability was not his priority and took the statement out

of context. I do not find this argument persuasive. While the appeals officer did note this in the determination (Pl.'s Ex. 1 at 3, 4, 6), the determination was ultimately based on the fact that the requested financial information was not provided and that Kieft Bros. continued to fail to timely make federal tax deposits, despite being advised that it must get current as to same. The intentions or priorities of Mr. Lewis, good or bad, do not alter these findings or the reasonableness of the conclusion of the appeals officer that an installment agreement was not a viable collection alternative in the instant case.

In conclusion, I find that Kieft Bros.' arguments do support a finding of an abuse of discretion. Accordingly, it is

ORDERED that the Notice of Determination is **SUSTAINED**, and Plaintiff's appeal of the Determination is **DENIED**. It is

FURTHER ORDERED that the Clerk of Court shall enter judgment in favor of Defendant and against Plaintiff.

Dated: April 21, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge